DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss filed June 27, 2008. The record closed on August 4, 2008.
 I. STATEMENT OF FACTS
Plaintiff appeals the six tax years 2002-03 through 2007-08 regarding the value of the property identified in Defendant's records as Account 1246758.
The subject property is located at 2195 Essex Lane in Eugene, Oregon. The structure originated in 1979. Plaintiff acquired the property in 1987. For the 2002-03 tax year, the structure was classified as a "Class 5 Duplex" in Defendant's records. This was based on a physical inspection by and the judgment of a certified appraiser.
During 2004, a building permit was secured for the property. The construction project was later completed. A field inspection was made by Defendant's representative in June of 2007. He then changed the classification to a "Class 4 Single Family Residence." Estimates of value were calculated based on his inspection and judgment. For the 2002-03 tax year Defendant concluded a real market value (RMV) of $235,060 and a maximum assessed value (MAV) of $222,173. The MAV increased the allowable maximum three percent for the interim tax years 2003-04 through 2006-07. *Page 2 
Plaintiff then appealed the 2007-08 valuations to the Lane County Board of Property Tax Appeals (BOPTA). The Board reduced the RMV to $449,190; Plaintiff does not contest that. The exception value for the 2006 construction was set at $37,424, which is acceptable to Plaintiff.
No BOPTA appeals were made for those earlier five tax years. Plaintiff now claims an error was made by Defendant for all of those periods. Specifically, she alleges that "this property was listed on the tax rolls at a higher classification of construction than it actually was. (Listed as Class 5 and should have been Class 4)." (Ptf's Compl at 2.) Plaintiff claims that is a clerical error pursuant to ORS 311.205[1].
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1). The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2). *Page 3 
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by adding together the MAV of the property prior to the improvements to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1).
Because the MAV is less than the property's RMV, it is the property's AV for tax year 2007-08. The court finds that Defendant calculated the 2002-03 MAV properly with the information available at that time and there is no basis for changing it during a later tax year. The alleged mistake as to the 2002 property classification and resulting values is clearly an error in judgment. That is not correctable as a clerical error. ORS 311.205. Costa v. Josephine County Assessor, TC-MD No 070644E (Oct 29, 2007). None of the exceptions in ORS 305.288 apply to this situation; the failure to timely appeal in earlier years is fatal to this claim.
The court finds, therefore, that it is without authority to adjust the MAV for a prior tax year based on Plaintiff's allegations.
 III. CONCLUSION
The court concludes that Plaintiff has not shown a clerical error for tax years 2002-03 through 2007-08 and, as a result, the court is without authority to now modify the MAV of the property. Consequently, the court finds Defendant's Motion to Dismiss must be granted. Now, therefore, *Page 4 
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this _____ day of September 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1